SCHOTT, Chief Judge.
Defendant was the holder of a mortgage on plaintiffs home. This suit arose out of an allegedly false report made by defendant to a credit agency that the home had been repossessed or foreclosed upon. Plaintiffs original claim, based upon defamation, was dismissed on a motion for summary judgment. An added claim, based upon the theory that the holder of one’s mortgage is his fiduciary or agent, was dismissed on an exception of no cause of action. From these judgments plaintiff has appealed.
In his original petition plaintiff made these allegations: In April 1989 he negotiated the sale of his house, but the sale price was insufficient to pay the balance on the mortgage held by defendant. After defendant refused his requests to take a reduction in the mortgage balance, he contacted Mortgage Guaranty Insurance Corporation (MGIC) for assistance. MGIC con *1103 tributed $3,000 enabling the sale to take place on May 19, 1989. The following August or September, when plaintiff was attempting to purchase an automobile on credit, he was turned down because a credit check revealed that defendant had falsely reported to one or more credit agencies that plaintiffs house had been repossessed or foreclosed upon. This report was made after the agreement to sell the house had been entered into. After learning about this false report on his credit history, plaintiff asked the defendant to correct it, but it failed to do so.
Defendant responded to the petition with an exception of no cause of action based upon the following provisions of the Fair Credit Reporting Act contained in 15 U.S.C. 1681h(e):
[N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer. (Emphasis supplied)
The trial court sustained the exception finding that the Act applied and that plaintiffs failure to allege that defendant had acted with malice or willful intent to injure him was a fatal omission. Pursuant to LSA-C.C.P. art. 934, the court allowed plaintiff to amend his petition. Plaintiff did so adding the allegation that defendant’s reporting the false information was an act of malice on its part and was done with willful intent to injure him. After taking plaintiffs deposition, defendant moved for a summary judgment. Plaintiff later filed another supplemental and amending petition in which he alleged that defendant’s reporting the derogatory information in the first place and its failure to correct the information constituted a violation of its duty to him as fiduciary and as an agent. Plaintiff specifically claimed to have a cause of action under C.C. arts. 3002 and 3003. In response to this latest amending petition, defendant filed exceptions of prescription and no cause of action.
On November 19, 1991, the trial court overruled defendant’s exception of prescription, but sustained the exception of no cause of action with respect to the second supplemental and amending petition and dismissed it. By a separate judgment in December, the trial court granted defendant’s motion for summary judgment with respect to the original and first amending petitions and dismissed them.
The first issue is whether plaintiff stated a cause of action against defendant on the theory that the holder of the mortgage on one’s property occupies some fiduciary capacity vis a vis the mortgagor or is the agent or mandatory of the mortgagor. We are not aware of any law and plaintiff cites none which would create such relationships in the typical mortgagor-mortgagee relationship, and plaintiff made no allegations of any special circumstances which created such a relationship in this case. Consequently, the trial court correctly dismissed the second supplemental and amending petition on the exception of no cause of action.
As to the cause of action based upon defendant’s alleged malice and willful intent to injure plaintiff, the trial court’s dismissal of this claim on summary judgment was based upon plaintiff’s deposition along with his pleadings and other documents of record. In order to show malice and willful intent to injure him when defendant made the report to the credit agency in May 1989, plaintiff relied wholly upon defendant’s conduct after August or September when he discovered the report and called upon defendant to correct it, but defendant failed to do so. The question is whether the allegedly false information was furnished with malice or willful intent. At his deposition plaintiff admitted that he had no evidence to show such malice or willful intent when the information was furnished in May 1989. Defendant’s alleged conduct in August or September would have no probative value as to this issue. Since there was no genuine issue of material fact and defendant was entitled to *1104 judgment based upon the conditional privilege afforded by the federal statute, the trial court correctly granted the summary judgment. C.C.P. art. 966.
Accordingly, the judgments appealed from are affirmed.
AFFIRMED.